**Robert B. LYNCH, Sr.**

v.

**VANDERHOEF BUILDERS, et al.**

**No. CIV.A. WMN–02–2020.**

United States District Court,
D. Maryland.

Sept. 19, 2002.

John L. Calhoun, Harvey A. Kirk, Saiontz Kirk and Miles, Baltimore, MD, for Plaintiff.

Roy W. Anderson, Jr., Law Offices of Jonathan P. Stebenne, Baltimore, MD, for Defendants.

### MEMORANDUM & ORDER

NICKERSON, Senior District Judge.

Before the Court is Defendants' Motion to Transfer for Improper Venue (Paper No. 7). The motion has been fully briefed and is ripe for decision. Upon review of the pleadings and applicable case law, the Court determines that no hearing is necessary (Local Rule 105.6) and that the motion will be denied.

Plaintiff initially filed suit against Defendants in the Circuit Court of Cecil County. Defendants removed the case to this Court, pursuant to 28 U.S.C. § 1441(a), on the basis of diversity jurisdiction. Defendants move to transfer for improper venue, pursuant to Federal Rule of Civil Procedure 12(b)(3). Defendants argue that 28 U.S.C. § 1391(a)[1] determines venue and allege that because all Defendants reside in Pennsylvania and all of the events Plaintiff asserts in his complaint took place in Pennsylvania, venue is proper in the United States District Court for the Eastern District of Pennsylvania. Def.'s Mot. at 1–2.

The Supreme Court has explained that 28 U.S.C. § 1391(a) has no application to a removed action. *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665, 73 S.Ct. 900, 97 L.Ed. 1331 (1953). Section 1391(a) limits the district in which an action may be "brought." *Id.* This action was not brought in the District Court; the action was brought in Maryland state court and removed to this Court. Section 1441(a) expressly provides that the proper venue of a removed action is "the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). There is no question that this Court embraces the Circuit Court of Cecil County, Maryland, and therefore, venue is proper pursuant to 28 U.S.C. § 1441(a), and transfer through 28 U.S.C. § 1391(a) does not apply. *See, Domain Name Clearing Co., LLC v. F.C.F., Inc.*, 2000 U.S.Dist.LEXIS 21624, *4–5 (E.D.V.a. 2000) (holding that 28 U.S.C. § 1441(a) provides venue for removed actions); *Harris v. Nussbaum, et al.*, 1998 U.S.Dist.LEXIS 15144, *4–5 (M.D.N.C. 1998) (same). Because this Court is the proper venue for this removed action, De-

1. 28 U.S.C. § 1391(a) is a general venue statute and states, "a civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which the defendants are subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought."

fendants' Motion to Transfer will be denied.

Accordingly, IT IS this _____ day of September, 2002 by the United States District Court for the District of Maryland, ORDERED:

1. That Defendants' Motion to Transfer for Improper Venue (Paper No. 7) is hereby DENIED; and

2. That the Clerk of Court shall mail or transmit copies of this memorandum and order to all counsel of record.